Opinion delivered June 16, 1888.

---

* No. 5949.

## FRANK CHILDERS ET ALS. *v.* THE STATE.

SCIRE FACIAS—PRACTICE—CASE STATED.—Being convicted in the justice's court for a misdemeanor, the accused appealed to the county court. Subsequently his case was called in the county court, and, upon the State's motion, the appeal was dismissed because the appeal bond was insufficient in amount, and the accused was remanded to jail until the payment by him of the fine and costs. Four days later the State asked the forfeiture of, and judgment *nisi* on, the appeal bond. The motion was granted, and judgment *nisi* rendered against the principal and sureties on the appeal bond. The accused was thereupon imprisoned, and he made affidavit that he was too poor to pay the fine and costs, in order to obtain the benefit of the allowance on his fine and costs at so much per day, as provided by article 816 of the Code of Criminal Procedure. After the lapse of sixteen days he was discharged. When the *scire facias* was subsequently called, the sureties on the appeal bond answered by setting up the facts stated and alleging that when the appeal to the county court was dismissed the bond became *functus officio*, and that the imprisonment of the accused was a full discharge of the fine and costs. *Held:* That the answer set up a complete defense, and that the ruling of the trial court striking out the same was error.

Appeal from the County Court of Jack. Tried below before the Hon. H. P. Jones, County Judge.

The opinion states the case.

*W. E. Taylor* and *H. N. Bell*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

White, Presiding Judge. Childers was tried for a misde-meanor in the justice's court and was convicted. He appealed to the county court. On the fourth of April, when the case was called for trial in the county court, a motion to dismiss the ap-peal was made by the county attorney, and was sustained by the court, and the appeal dismissed because the appeal bond was insufficient in amount, and Childers, who was present in court at the time, was remanded into the custody of the sheriff until the fine of one dollar and costs, as imposed in the justice's court, was paid.

After the appeal thus dismissed in the county court, to wit, on the eighth of April, four days thereafter the county attorney filed a petition in the county court praying a forfeiture of, and judgment *nisi* upon, the appeal bond, which had been declared insufficient and quashed as aforesaid, and he asked for *scire facias* to the sureties. On the ninth of April the bond was de-clared forfeited and judgment *nisi* rendered against the principal and sureties. On the same day (the ninth) the sheriff placed Childers in jail, and Childers made oath that he was too poor to pay the fine and costs, in order that he might get the advantage of his imprisonment at so much per day, until the said fine and costs might in that manner be discharged and satisfied, as pro-vided for by article 816, Code Criminal Procedure. He was kept in jail sixteen days, and then was released and discharged from custody by the sheriff.

When the *scire facias* was called for trial at the following June term, the principal and sureties answered thereto, setting up the above facts and claiming that the appeal bond became *functus officio* when it was quashed for insufficiency by the county court and the appeal dismissed, and was no longer of any validity or binding force upon them, and they also pleaded that the imprisonment of the defendant was a full satisfaction and discharge of the judgment of the justice, under the provisions

of article 816, Code Criminal Procedure, and the decisions construing and applying the same. (Ex parte Stubblefield, 1 Texas Ct. App., 757; Page et als. v. The State, 9 Texas Ct. App., 466; Ex parte Godfrey, 11 Texas Ct. App., 34; Ex parte Bogle, 20 Texas Ct. App., 127.)

Upon motion of the county attorney, these answers were stricken out upon the ground that they presented no defense, and the judgment *nisi* was made final. This was error. The answer presented a sufficient defense, and the motion to strike out should not have prevailed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*